UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA MARGARITA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 11:17-cv-00912 (EPG)<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her applications for Supplemental Security Income and Social Security Disability Insurance. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 10, 12).

At the hearing on September 27, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the Administrative Law Judge's ("ALJ") decision to give "little weight" to the opinion of Dr. Claudia Padron. It is undisputed that Dr. Padron treated Plaintiff for

an extended period of time. Given that Dr. Padron's opinion was contradicted by a consulting examiner, the parties agree that the proper question for this Court is whether the ALJ gave specific and legitimate reasons supported by substantial evidence in the record for giving little weight to Dr. Padron's opinion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.") (internal citations omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

The findings by Dr. Padron that are at issue appear at AR 655. These findings indicate that Plaintiff can only sit less than 2 hours and stand/walk less than 2 hours in an 8 hour day because of "osteoarthritis of hips and knees." (AR 655). Moreover, the findings state that Plaintiff can rarely lift and carry less than 10 lbs., and can never lift and carry 10 lbs. The findings also indicate that Plaintiff has significant limitations with reaching, handling, or fingering due to "arthritis of shoulders and hands," that Plaintiff will be "off task" 20% of the day, and that Plaintiff would likely be absent "4 days or more per month." (AR 655).

The ALJ's opinion regarding this issue states as follows:

> As for the opinion evidence, Dr. Claudia Padron treated the claimant for diabetes mellitus type 2, hypertension, asthma, osteoarthritis, and depression with symptoms of fatigue, joint pains, wheezing, and anhedonia. She opined the claimant could lift and carry less than 10 pounds rarely, and sit, stand, and walk for less than two hours in an 8-hour day. She would be "off task" 20 percent of a typical workday and would be absent four or more days per month (Exhibit 15F). The Administrative Law Judge gives little weight to Dr. Padron's opinion as it is inconsistent with lumbosacral spine x-rays that were unremarkable except for a very slight levocurvature that could be positional and mild arthritic changes (Exhibit 10F, p. 3). The opinion is also inconsistent with minimal obstructive airway disease shown on pulmonary function test results. There is insufficient

objective findings and clinical data to support the severe limitations and appear to be exaggerated and an overestimate[1] of the claimant's abilities.

(AR 30) (footnote added).

At the hearing, the parties and Court discussed each of the three reasons given by the ALJ in turn. The first reason, regarding the lumbosacral spine x-rays, refers to Exhibit 10F, p.3. The findings for the lumbrosacral spine are as follows: "Films of the lumbrosacral spine show a very minimal thoracolumbar levoscoliosis centering at about L1. This could be positional. The vertebral bodies are normal in shape and the disk spaces are preserved. There is almost imperceptible minimal hypertrophis lipping at T12-L1. The SI joints are normal. There is no evidence of spondylolisthesis or appreciable facet arthropathy." (AR 622).

Both parties agree that these findings do not concern the diagnoses listed on Dr. Padron's medical source statement, specifically diabetes type 2, hypertension, asthma, osteoarthritis, and depression. Indeed, fourteen days later, Dr. Lester reports "X-rays of the knees depicted decrease in the medial tibiofemoral joint space bilaterally, right worse than the left," and gave an impression of "bilateral knee degenerative arthritis." (AR 648). In other words, the x-rays showing minimal thoraclumbar levoscoliosis do not appear to directly contradict Dr. Padron's opinion. It does not provide a specific and legitimate reason supported by substantial evidence in the record to give Dr. Padron's opinion little weight.

The ALJ's next reason for discounting Dr. Padron's opinion was, once again, that it was "inconsistent with minimal obstructive airway disease shown on pulmonary function test results." (AR 30). The ALJ does not cite to any exhibit in support of this point, but the parties have pointed to the pulmonary report at AR 979. That report concludes as follows "Minimal airway obstruction is present. The lack of response to bronchodilators may indicate a refactory state. Prolonged use may be of benefit. The increased diffusing capacity would be consistent with asthma or a cardiovascular process such as left heart failure or shunting." The diagnosis was "Minimal Obstructive Airways Disease" and "Increased Diffusion." (AR 979). While this Court does not purport to understand all the medical terminology in that document, with the help of

---

[1] The Court and the parties assume that the ALJ meant to say "underestimate," and this apparent misstatement is not part of Plaintiff's argument for reversal.

3

counsel from both parties, the Court understands that this is a report about lung function. This preliminary report states that there does not appear to be more than minimal obstruction of the airway, yet Plaintiff nonetheless suffers from difficulty processing sufficient oxygen to her lungs. This document does not contradict any finding regarding diabetes type 2, hypertension, osteoarthritis, or depression. While it does remove one potential cause of breathing difficulties, it does not discredit any findings of asthma. Nor does it conclude that the Plaintiff can breathe normally. It does not provide a specific and legitimate reason supported by substantial evidence in the record to give Dr. Padron's opinion little weight.

The ALJ's final reason for giving Dr. Padron's opinion little weight is "[t]here is insufficient objective findings and clinical data to support the severe limitations and appear to be exaggerated and an overestimate[2] of the claimant's abilities." (AR 30 (footnote added)). As an initial matter, this is not a specific reason in that it does not specify any exhibit or objective findings that contradict Dr. Padron's opinion. To the extent it is suggesting that Dr. Padron lacks a basis to make her findings, this is not supported by substantial evidence. There are 198 pages of records from the Permanente Medical Group, where Dr. Padron worked. (AR Exhibit 16F). The majority of these records were created by Dr. Padron, although some were created by colleagues of Dr. Padron. These records include support for Dr. Padron's findings. (AR 711 ("patient present with chief complaint of knee pain . . . Wants to have injection today"); AR 720 ("Patient presents with chief complaint of JOINT PAINS. . . . Today crying and anxious . . . Pain in multiple joints including back, elbows, knees, hips, hands."); AR 788 ("complaints of nauseas and vomiting for 3 days . . . Pain all over her body . . . . Depressive symptoms not well controlled. Has crying spell during visit today."); AR 800 ("here for 1 week of night time cough, chest tightening. Mild wheezing . . . ASTHMA W ACUTE EXACERBATION"); AR 834 ("has b/l knee pain, mostly the rt and wants injection in joint as it helped in the past. Pain in hips as well")). Although the Commissioner has pointed to contrary records showing certain normal or less severe findings (ECF 18, at p. 10), this Court finds sufficient medical support for Dr. Padron's findings to conclude that the ALJ's finding regarding a lack of objective findings and

---

[2] As noted previously, the Court and the parties assume that the ALJ meant to say "underestimate."

clinical data does not provide a sufficiently specific and legitimate reason supported by substantial evidence in the record. Put another way, in light of the significant treating relationship over 190 pages of treating records regarding Dr. Padron's diagnoses, it was not sufficient for the ALJ to merely say that "objective findings and clinical data" fail to support Dr. Padron's limitations.

Next, the Court considers whether to remand for further proceedings or for award of benefits. The Ninth Circuit has held as follows:

> Specifically, we have devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The Court has found the second prong satisfied here, i.e., that the ALJ failed to provide legally sufficient reasons for rejecting a medical opinion. The parties disagree, however, whether there would be any use in further proceedings and specifically whether the ALJ would be required to find the claimant disabled on remand. Given the limitations expressed by Dr. Padron, it appears highly likely that Plaintiff is disabled. Those limitations include an inability to sit less than 2 hours or stand/walk less than 2 hours, an inability to lift and carry more than 10 pounds, an expectation that Plaintiff would be off-task 20% of the time, and would be absent from work 4 or more days per month. However, the Vocational Expert testimony does not appear to have addressed precisely this hypothetical, and this Court is wary to assume a lack of jobs without such testimony.

Accordingly, the Court will REVERSE and REMAND to the ALJ with instructions for further administrative proceedings consistent with this opinion. Dr. Padron's limitations expressed on AR 655 shall be credited as true. To the extent the Commissioner believes that jobs are available notwithstanding these limitations, the ALJ may solicit the testimony of a Vocational

Expert if she sees fit.  If the Commissioner does not so believe, or a Vocational Expert finds that the limitations preclude employment, benefits shall be awarded.

IT IS SO ORDERED.

Dated: __**September 27, 2018**__  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE